UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD MANSFIELD<br>406 Plum Court<br>Cranberry Township, PA 16066<br><br>And<br><br>MATTHEW MARCHIONDA<br>8 Ann Street<br>Ambridge, PA 15003<br>**Plaintiffs**<br><br>vs.<br><br>NORFOLK SOUTHERN<br>RAILWAY COMPANY<br>650 W Peachtree St NW<br>Atlanta, GA 30308<br><br>**Defendant** | CIVIL ACTION COMPLAINT<br><br>NO.: 2:22-cv-1159<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff herein is Edward Mansfield, a citizen and resident of the Commonwealth of Pennsylvania residing therein at 406 Plum Court, Cranberry Township, PA 16066.

2. Plaintiff herein is Matthew Marchionda, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 8 Ann Street, Ambridge, PA 15003.

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Georgia and does business in the Western District of Pennsylvania.

4. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685-First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act."

1

5. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying freight, express packages, baggage, and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

6. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiffs, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

7. At the time and place hereinafter mentioned, the plaintiffs and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

8. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the incident herein referred to, plaintiffs have suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; have undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; have been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of their injuries; have been unable to attend to their usual duties and occupations and may be unable to attend to the same for an indefinite time in the future, all to their great detriment and loss.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiffs.

11. On or about December 12, 2021, at or about 4:05 a.m., the defendant employed the plaintiffs. Mr. Mansfield was employed as a conductor and Mr. Marchionda was employed as a locomotive engineer.

12. On the aforementioned date, and at the aforementioned time, the plaintiffs were assigned to, and located on, a train traveling from Chicago, Illinois to New Jersey.

13. On the aforementioned date, and at the aforementioned time, the train was traveling at approximately 40 miles per hour on the track along Route 837 above the Monongahela River in Baldwin Borough near Pittsburgh, Pennsylvania, between Becks Run Road and the Glenwood Bridge.

14. The aforementioned train consisted of two locomotives and over one hundred cars.

15. On the aforementioned date, and at the aforementioned time, unbeknownst to the plaintiffs, there had been a rockslide at the aforementioned location due to heavy wind and rain and the lack of slide fence. The rockslide resulted in an extremely large pile of rocks and boulders on the track.

16. Conductor Mansfield first observed the enormous rockslide on the tracks when the train was approximately one-eighth of a mile away from the obstruction and immediately yelled to the engineer to apply the brakes.

17. Although the train was then placed into emergency, the train still struck the rocks and boulders at approximately forty miles an hour.

18. On the aforementioned date and at the aforementioned time, as the train collided with these rocks and boulders on the track, the two locomotives and five rail cars derailed and the locomotive in which the plaintiffs were situated was thrown onto the side.

19. The presence of dangerous obstructions and boulders on the tracks was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and was not due to any conduct on the part of either plaintiff.

20. The derailment of the subject locomotives and rail cars was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and was not caused by the conduct of either plaintiff.

21. Upon impact, the locomotive containing the plaintiffs was derailed and thrown on its side causing the plaintiffs to be thrown out of their seats.

22. The plaintiffs attempted to brace themselves, but were violently thrown about within the locomotive. As it flipped on its side, their locomotive was further struck by the one-hundred car secondary run in action.

23. As a result of this incident, each plaintiff sustained the serious, painful, and permanent personal injuries hereinafter described.

24. The negligence of the defendant consisted of, but is not limited to, the following:

   a. Failing to properly inspect the area where the plaintiffs were required to travel and failing to install protective fencing to prevent rocks and boulders from entering the tracks;

   b. Failing to properly inspect the track and adjacent areas where the plaintiffs were required to travel in light of the dangerous weather conditions;

   c. Failure to properly install fencing and other equipment to protect the tracks from sliding rocks and boulders despite at least one prior similar occurrence at that location;

   d. Requiring the plaintiffs to travel through an area where the defendant knew that rockslides were probable under the conditions that existed at and prior to the time of this accident;

   e. Failing to instruct that the train be operated at a lower speed through the area of this incident because of localized dangerous conditions;

   f. Failing to properly train the plaintiffs on how to best protect themselves under the circumstances involved in this incident;

   g. Failing to warn plaintiffs of the dangerous conditions their train would encounter on the tracks at the subject location;

   h. Failure to warn plaintiffs of these dangerous conditions;

   i. Failure to warn plaintiffs that it was unsafe to operate the train in this area of track, at normal track speed, under the existing conditions; and

   j. Violating federal statutes and regulations pertaining to the operations of trains, inspection of tracks, and construction of protective fencing.

25. Plaintiffs incorporates each of the foregoing paragraphs into the following Counts as if set forth therein at length.

## COUNT I
## EDWARD MANSFIELD V. NORFOLK SOUTHERN

26. As a result of the aforesaid incident, plaintiff sustained closed head injury, traumatic brain injury, injury to the cervical spine; concussion and post-concussion syndrome; emotional and psychological injuries including post-traumatic stress disorder and anxiety; post-

traumatic headaches; visual convergence insufficiency; and multiple contusions of the body. The full extent of the plaintiff's injuries is not presently known.

## COUNT II
## MATTHEW MARCHIONDA V. NORFOLK SOUTHERN

27. As a result of the aforesaid incident, plaintiff sustained closed head injury, traumatic brain injury and cognitive impairment; concussion and post-concussion syndrome; injury to the neck and back; post-traumatic headaches; injury to the spleen; internal injuries; cervical radiculopathy; vestibular dysfunction; abrasion to the left lumbar spine; cervical spinal injury at the level of C6/C7; emotional and psychological injuries; contusions of the abdominal wall; and multiple contusions of the body. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, each plaintiff demands judgment against the defendant for a sum in excess of $150,000.00, exclusive of costs and interest.

**COFFEY KAYE MYERS & OLLEY**

BY: _____
**LAWRENCE A. KATZ**
Coffey Kaye Myers & Olley
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800
**Attorney for Plaintiffs**

Date:   August 9, 2022