# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MANSFIELD and MATTHEW MARCHIONDA, | : : : : | |
| Plaintiffs, | : : | NO.: 2:22-cv-1159-DSC |
| v. | : : : | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | : : : : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, NORFOLK SOUTHERN RAILWAY COMPANY

AND NOW COMES Defendant, Norfolk Southern Railway Company, by and through its attorneys, Burns White LLC, and states as follows:

## ANSWER

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. It is denied that Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Georgia. All remaining allegations in Paragraph 3 are admitted.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is deemed necessary. To the extent a response is deemed necessary, it is denied that Plaintiffs are entitled to recover under the FELA.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint constitute

conclusions of law to which no response is deemed necessary. To the extent a response is deemed necessary, all said allegations are denied as stated.

6. All of the allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary.

8. All of the allegations contained in paragraph 8 of Plaintiff's Complaint are denied as stated.

9. All of allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10. All of the allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11. All of the allegations contained in paragraph 11 of Plaintiff's Complaint are admitted.

12. All of the allegations contained in paragraph 12 of Plaintiff's Complaint are specifically denied as stated.

13. Defendant admits that the train was traveling on the track along Route 837 in Baldwin, Borough, near Pittsburgh, Pennsylvania, between Becks Run Road and the Glenwood Bridge. All remaining allegations in paragraph 13 of Plaintiff's Complaint are denied.

14. Defendant admits that the train consisted of two locomotives and 33 cars. The remaining allegations in paragraph 14 of Plaintiff's Complaint are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Complaint. Defendant admits that a rockslide did occur and that there were rocks present on the tracks at the time of the incident.

16. Defendant is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. All of the allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18. Defendant admits that two locomotives and seven cars derailed. The remaining allegations in paragraph 18 of Plaintiff's Complaint are specifically denied as stated.

19. All of the allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20. All of the allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

21. All of the allegations contained in paragraph 21 of Plaintiff's Complaint are specifically denied as stated.

22. All of the allegations contained in paragraph 22 of Plaintiff's Complaint are specifically denied as stated.

23. All of the allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

24. All of the allegations contained in second numbered paragraph 24 of Plaintiff's Complaint and all subdivisions thereof (a) through (j) are specifically denied in their entirety.

25. Defendants incorporate by reference numbered paragraphs 1 through 24 of this, its Answer and, as if set forth fully herein, in response to numbered paragraphs 1-24 of Plaintiff's Complaint.

## COUNT I
## EDWARD MANSFIELD V. NORFOLK SOUTHERN

26. All of the allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

## COUNT II
## MATTHEW MARCHIONDA V. NORFOLK SOUTHERN

27. All of the allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant demands judgment against Plaintiffs and in favor of Defendant as to Count I and Count II.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

28. Plaintiffs' Complaint, as to this Defendant, fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

## SECOND DEFENSE

29. Defendant, believes and therefore avers, that all of Plaintiffs' claims are barred by applicable statutes of limitation. Accordingly, Defendant hereby pleads all applicable statutes of limitation as a complete bar to the entirety of Plaintiffs' claims.

## THIRD DEFENSE

30. While denying that the Plaintiffs sustained the injuries and/or damages as alleged, if it would ultimately be proven that the Plaintiffs did sustain the damages and/or injuries in the fashion alleged, Defendant believes and therefore avers that Plaintiffs' own negligence may have and/or did contribute, in whole or in part, to the happening and/or occurrence of the alleged injuries. And, accordingly, Defendant pleads Plaintiffs' own negligence as either a complete and/or total bar to any recovery.

## FOURTH DEFENSE

31. Defendant would further show that Plaintiffs' alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiffs' claim against Defendant.

**FIFTH DEFENSE**

32. While denying that the Plaintiffs sustained the damages as alleged, Defendant believes and therefore avers that any damages the Plaintiffs may ultimately be entitled to recover from this Defendant may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of Plaintiffs' Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of Plaintiffs' Complaint should be stricken.

**SIXTH DEFENSE**

33. Defendant asserts the right and obligation to withhold and pay directly to the Railroad Retirement Board from any judgment herein, in any, of Railroad Retirement Taxes and Medicare Taxes required to be withheld by Defendant, as well as any other liens or paybacks which Defendant may be required to withhold and pay back from any judgment herein.

**SEVENTH DEFENSE**

34. While denying any liability whatsoever to Plaintiffs, on any grounds, Defendant believes and therefore avers that it would nevertheless be entitled to a set off, against any claim asserted by Plaintiff, of such sums which have been paid by or funded by this Defendant on behalf of Plaintiffs, including, but not limited to, all amounts Defendant contributed to the Railroad Retirement Board for any and all sickness and/or disability or other benefits enuring in favor of the Plaintiffs.

**EIGHTH DEFENSE**

35. Defendant asserts the right and obligation to withhold and pay directly to the Railroad Retirement Board from any judgment herein, if any, of Railroad Retirement Taxes and Medicare Taxes required to be withheld by Defendant, as well as any other liens or paybacks which Defendant may be required to withhold and pay back from any judgment herein.

**NINTH DEFENSE**

36. Answering Defendant believes that Plaintiffs' claims are barred by the preclusive effect of the Locomotive Inspection Act (LIA), the Safety Appliance Act (SAA), the Federal Railroad Safety Act (FRSA) and any and all regulations promulgated pursuant to the FRSA, the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), and any and all other applicable Federal regulations and/or legislation. Accordingly, Answering Defendant hereby pleads the doctrines of Federal preemption and/or preclusion as a bar to Plaintiffs' claims.

**TENTH DEFENSE**

37. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

**ELEVENTH DEFENSE**

38. To the extent deemed applicable, and to the extent proved in discovery, Plaintiffs' claims are barred and/or limited by res judicata, laches, collateral estoppel, accord and satisfaction, settlement, fraud, illegality duress and waiver.

**TWELFTH DEFENSE**

39. Any damages or injuries which may have been sustained by Plaintiffs were not caused nor proximately caused by or attributable to the conduct of the Answering Defendant.

**THIRTEENTH DEFENSE**

40. The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission and/or commission or conduct on behalf of the Answering Defendant and are too remote and/or speculative to warrant a recovery against the Answering Defendant.

**FOURTEENTH DEFENSE**

41. The occurrence complained of was not intended, foreseeable nor preventable by the exercise of reasonable care on the part of the Answering Defendant.

**FIFTEENTH DEFENSE**

42. Answering Defendant, at all times relevant hereto, complied with all applicable federal, state, and other regulations.

**WHEREFORE**, Defendant, Norfolk Southern Railway Company, demands that the Plaintiffs' action is dismissed and that they are permitted to recover the costs of defending this action.

Respectfully submitted

BURNS WHITE LLC

BY: _____
Edwin B. Palmer, Esq.
Pa. ID #80110
Burns White Center
48 - 26th Street
Pittsburgh, PA 15222
ebpalmer@burnswhite.com

Attorney for Defendant,
Norfolk Southern Railway Company

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2022, a copy of the within Answer and Affirmative Defenses of Defendant, Norfolk Southern Railway Company was served on all counsel of record, via electronic court filing and first class mail postage prepaid:

Lawrence A. Katz, Esq.
Coffey Kaye Myers & Olley
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004

*Attorney for Plaintiff*

Respectfully submitted,

BURNS WHITE LLC

BY: _____
Edwin B. Palmer, Esq.
Attorney for Defendant,
Norfolk Southern Railway Company